CASE No. 1072.

FRASER v. DAVIE.

1. A controversy as to the terms of a contract having been brought before this court for adjudication, and determined in favor of the appellant, and the case having been remanded to the Circuit Court for inquiry whether the contract could be carried out, and for final decree, it is too late after-

wards for such appellant to attack the validity of the contract, or to contend that it has been forfeited. These questions are *res judicata.*

2. A judgment creditor having acquired title to the lands of her debtor, signed and sealed a deed which was to be delivered when a sum agreed upon as a compromise of the judgment, was paid. *Held*, that moneys of the judgment debtor afterwards applied by the sheriff to such judgment and received by the judgment creditor, should be credited as part payment of the consideration of the deed.

Before HUDSON, J., Chester, October, 1880.

Action by Frederick E. Fraser, trustee, against Mary F. Davie and Churchhill B. Jones, his wife and children. The opinion sufficiently states the case.

The Circuit decree is as follows :

This cause has been heretofore heard on the Circuit, and on appeal in the Supreme Court, and has been there decided except in one particular. The facts affecting the controversy hitherto, are so fully set forth in the report of the case in 11 *S. C.* 56–70, that it is needless to restate them here.

At the close of the judgment in that case the court says : " The case must be remanded to the Circuit Court for an inquiry whether the situation of the property and of the parties is such that the deed of trust can take effect in substantial compliance with the terms of the contract between the parties as hereby established, and for a final decree upon the principles as hereinbefore stated." Now, what is the meaning of this order, and what are we to infer therefrom ?

The chief question involved in the controversy on Circuit and in the Supreme Court, seems to have been whether a certain deed of trust had been delivered or not. The judge below determined that it had been delivered, and ordered it to be recorded. The Supreme Court drew a different conclusion from the testimony and decided that the deed from Mrs. Davie to the plaintiff, as trustee for Churchhill B. Jones and family, had not been delivered and was only to be delivered and placed upon record when Jones should pay the unpaid balance of $1500 in compromise of a certain judgment held by Mrs. Davie against

Jones for a much larger amount, the excess of which was also to be assigned to the same trustee on the final delivery of the deed.

At the date of the execution of the trust deed, Jones paid $500, and gave his obligation to pay the balance, $1000 in a certain time, at a heavy rate of interest. The period fixed for the fulfillment of the contract by payment of the amount aforesaid and interest, had elapsed before the institution of this action, which fact, of course, was known to the Supreme Court when it directed this inquiry as to the practicability of still carrying out the contract in substantial compliance with its terms.

In submitting the case to the Supreme Court, counsel for the plaintiff laid down and used in argument these propositions: 1. That the deed purports to be voluntary, and hence equity will not aid Jones in enforcing a voluntary contract. 2. That the deed, however, is in reality not voluntary, but for a valuable consideration. But that consideration is an agreement to take in full satisfaction of a judgment an amount much less than the principal and interest; such being the consideration, Mrs. Davie cannot, in law or in equity, be compelled to accept it and to assign the excess. 3. The delivery of the deed was never complete, and was only to be so when the whole of the $1500 and interest should be paid in the time agreed upon. This was not done, and it is accordingly too late now after so long a delay to require it to be done.

The judgment of the Supreme Court, we regret to say, does not clearly and expressly determine all these propositions; but we think it does virtually and by implication determine the propositions by recommitting the cause to the Circuit Court for the simple inquiry above stated. It, in terms, or by necessary implication, decided that the deed is not voluntary, but is for a valuable consideration, to wit, the contract and agreement to pay $1500; that the contract is in compromise of a judgment for a large amount; that the contract is past due, it is true, but that time is not of its essence; that it is such an agreement as equity will enforce, and that, although much time has elapsed, yet it must be enforced, provided, the situation of the parties and the property is such that the substantial terms of the agreement can

still be carried into effect, to wit, the payment of the money, and the delivery of the deed, and the possession of the land, and assignment of the judgment. It is thus that I interpret the judgment of the Supreme Court, and hence I do not regard any of the above questions of law on the proposition aforesaid as open for argument again on Circuit. We are simply to make the inquiry which that Court has sent to us, and decree according as the *fact* may be, without regard to any question of the validity or legality of the original agreement.

By previous order of this court it was referred to J. J. Hemphill, Esq., as special referee, to make the inquiry directed by the Supreme Court to be made. He has made the inquiry, and has reported to this court that the situation of the property and of the parties is such that the original agreement and contract between Mrs. Davie and C. B. Jones can still be carried into effect in substantial compliance with its terms and according to the principles announced in the judgment of the Supreme Court. The land has not changed hands, but is *in statu quo,* and all that remains to be done is that the balance of the purchase money be paid, and the deed delivered to be recorded. This balance he finds to be on October 11th, 1879, $1287, after allowing credits for all payments deemed proper to be allowed.

To this report of the referee both parties except. The counsel for C. B. Jones claims that certain rents of the land should have been allowed as credits, which were refused by the referee. The counsel for Mr. Fraser and Mrs. Davie except to the report, upon several grounds, one of which assails a credit allowed, and the other grounds substantially re-open before this court the positions noticed above, which we have already said are, in our judgment, put at rest by the judgment of the Supreme Court. All the exceptions, by both parties, to the report of the referee, are overruled, and the findings of fact therein, and conclusions of law are sustained.

It is, therefore, adjudged and decreed that Churchhill B. Jones do, on or before the 1st day of January next, pay the balance aforesaid, to wit, $1287, to Mrs. Davie, with interest thereon from October 11th, 1879, and the costs of this action, and that thereupon the said deed be delivered for record according to the

terms of the agreement and the balance of the judgment assigned to said Fraser, as trustee as aforesaid. That upon the failure by the said Jones to make payment as aforesaid, the said deed be returned to Mrs. Davie for cancellation, and the said contract be annulled and all rights of the said Jones and other beneficiaries under said deed and said contract be completely barred and determined, and all parties be remanded to their previous status and rights as if no contract had ever been made, and that in that event the costs and disbursements of these proceedings be likewise paid by C. B. Jones.

Mrs. Davie appealed upon the following grounds:

1. Because his Honor erred in holding that the former decision of the Supreme Court had precluded inquiry as to the character of the agreement in this case, and had decided that time was not of the essence of the contract, and that the agreement must now be enforced, provided that the payment of the money and delivery of the deed, and the possession of the land and assignment of the judgment, could now be carried into effect.

2. Because his Honor erred in decreeing that upon the payment by the defendant, Jones, of the sum of $1287, with interest and costs, that the deed be delivered for record according to the terms of the agreement.

3. Because the situation of the property and of the parties is *not* such that the deed of trust can take effect in substantial compliance with the terms of the contract between the parties.

4. Because his Honor erred in not sustaining the defendant, Mary F. Davie's, fourth exception to the master's report, in which the master allowed a credit to Jones of $701.40, November 17th, 1873.

*Mr. E. McCrady, Jr.,* for appellant.

*Mr. G. J. Patterson,* contra.

August 31st, 1881. The opinion of the court was delivered by SIMPSON, C. J. The purpose of this action was to determine whether or not a certain deed, purporting to be a trust deed,

executed by appellant, Mary F. Davie, to Fraser, trustee, in favor. of Churchhill B. Jones, his wife and children, respondents, had been delivered and should be put upon record as a valid deed for the purposes therein expressed.

The complaint was filed by Fraser, as trustee, against Churchhill B. Jones and his family, and also Mrs. Davie, to have the nature of his interest and duties in regard to the trust properly defined and settled as against the grantor and the *cestuis que trust.* Mrs. Davie, answering, denied that the deed had been delivered. She contended that C. B. Jones being indebted to her, by judgment, in the sum of $6300, represented that he was unable to pay the debt, and proposed to settle it by paying $1500—$500 in cash and the balance in three equal annual installments, at the rate of eighteen per cent. interest ; the credit portion to be secured by bond and mortgage on certain real estate, and upon the payment of this sum she was to assign the judgment for the benefit of Jones' family ; that afterwards Jones had titles to this real estate, which he had proposed at first simply to mortgage, executed to her, and had its value, some $2475, credited on her judgment. Upon this being done, she executed the deed of trust conveying the land to Fraser, but with the distinct understanding that it was not to be delivered or become operative until the balance of the $1500, agreed upon as a compromise of her debt, was paid according to the agreement. In other words, she was to retain control of the land as a security for the full payment of the $1500, instead of the mortgage which was to have been given according to the first agreement. And, inasmuch as this sum had not been paid, the deed had not been delivered, and should not be recorded.

Jones contended that the deed had been duly executed and delivered at its date, and that it was a valid instrument ; that the agreement in reference to the settlement of the judgment was an independent agreement, having no connection with the deed, and, therefore, the complaint should be dismissed.

The case was heard by Judge Mackey, who, sustaining this view of the controversy, ordered the deed to be forthwith recorded. From this judgment Mrs. Davie appealed. The Supreme Court reversed this judgment of Judge Mackey, and sus-

taining her construction of the agreement, ordered the case to be remanded to the Circuit Court for an inquiry, " whether the situation of the property and of the parties was such that the deed of trust could take effect in substantial compliance with the terms of the contract between the parties as established, and for a final decree upon the principles therein stated." 11 *S. C.* 69.

Upon its return to the Circuit Court in December, 1878, Judge Aldrich ordered the case to be referred to J. J. Hemphill to make the inquiry directed in the opinion of the Supreme Court. In October, 1879, the report of the referee came in. In this report it was stated that the parties and the property were in such condition as that the trust deed could take effect in substantial compliance with the contract, and after allowing Mr. Jones credit for the sum of $701.40, derived from the sale of Jones' property under the judgment of Mrs. Davie, since the agreement, he recommended " that Jones be allowed until the first day of December, 1879, to pay up the balance reported by him to be due, to wit, $1287. And upon his paying to Mrs. Davie, or her attorney, this sum, with the interest that might accrue thereon, and to the clerk of the court all costs and disbursements, that the trust deed be delivered and recorded, and the case ended." Mrs. Davie excepted to this report on several grounds, one of which assailed the credit allowed by the referee, and the others contending that the agreement had expired by its own limitation and could not now be enforced.

Judge Hudson overruled these exceptions and confirmed the report of the referee. Judge Hudson interpreted the judgment of the Supreme Court, above referred to, to have settled the points raised in the exceptions as to the validity of the trust deed, and he held that the questions of law raised by the exceptions as to the consideration and delivery of the deed, and as to the time within which the contract was to be carried out, were not open for argument before him. The sole question, in his judgment, being whether the condition of the property and parties was such as that the contract, as established, could be substantially carried out.

From this judgment Mrs. Davie has appealed to this court; her appeal raising, substantially, the two questions raised before

Judge Hudson, to wit, that his Honor erred in holding that the former decision of the Supreme Court precluded inquiry as to the character of the agreement in this case, and that the court had therein decided that time was not of the essence of the agreement, and that the situation of the parties and property was such as could be enforced. *Second.* That the credit of $701.40, reported by the referee, should not have been allowed.

The history of this case shows that it is a hard case upon Mrs. Davie. Ten years ago she held a judgment upon Jones for over $6000. Jones was her nephew, or rather a nephew of her deceased husband. He had been unfortunate and was much embarrassed—his misfortunes, no doubt, growing out of the result of the late war between the states. Mrs. Davie was kind-hearted and indulgent, and seemed to sympathize deeply with her relative, and with a liberality almost unprecedented, yet, under the circumstances, in the highest degree commendable, she agreed to settle this large debt, secured as it was by judgment, for the small sum of $1500, giving a credit on the greater part of it in one, two and three years, the credit portion to be secured by a lien upon real estate.

The parties disagreed as to the understanding between them. Expensive litigation ensued, and Mrs. Davie is still without payment, even of the small amount agreed upon as a compromise. If the questions as to the binding character of the contract of compromise, and the validity of the deed then before the court had been an open question before Judge Hudson, much might have been urged against both. An agreement to take less than the whole amount for the whole, as a general rule, is a *nudum pactum*, and especially would this principle apply in a case where the debtor failed to comply promptly with the proposed reduction. And if this position had been taken by Mrs. Davie at the proper time, it may be that she might have invoked the protection of this principle successfully. The time, however, to have claimed its benefit was at the former trial; but this she failed to do. The question which she raised then was not that an invalid agreement had been made, but that the agreement which Jones contended for was not the agreement which had been made. She claimed that the true agreement was the one

set up by herself, and she does not seem to have manifested any unwillingness that this should be carried out.

The court sustained her view of the case, and it is not surprising that the court should have declared that contract valid and binding. To this result she not only did not object but contributed. Under these circumstances we are constrained to hold that the former opinion of this court settled these questions, and they are now *res adjudicata.* Such being our opinion, we are compelled to say that Judge Hudson did not err in confining his jurisdiction of this case to the single inquiry contained in the order remanding the case to the Circuit Court. After it reached the Circuit Court under that order it was properly referred to a referee. He confined his examination to the inquiry submitted in the order, and reported that there was no obstacle in the way of the execution of the contract. This has been confirmed by Judge Hudson, and we think that this is an end of the case.

The last exception contests the credit allowed by the referee and confirmed by the court below. This credit is for $701.40. This amount was received by Mrs. Davie in this way: Jones had a judgment on one Blackburn. Certain property of Blackburn was sold under the judgment, and when the proceeds of the sale reached the sheriff's office Mrs. Davie levied on it, and had it applied to her judgment. We do not see how Mrs. Davie can claim this besides the $1500 which she agreed to take for her judgment. The court has decided that the agreement between them is to be enforced, and this sum must be credited on the agreement; otherwise, Mrs. Davie would receive $701.40 more than she had contracted to receive.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

McIVER and McGOWAN, A. J.'s, concurred.